No. 30.—RICHARD J. SNELLING, administrator, &c. plaintiff in error, vs. SARAH DARRELL, by her next friend, &c. defendant in error.

[1.] Under the Act of 20th Feb. 1854, to change and simplify the practice and pleadings in this State, a motion for a new trial may be amended so as to include an additional ground, not taken at the time the application was filed.

In Equity, and motion for a new trial, in Stewart Superior Court. Decision by Judge CRAWFORD, October Term, 1854.

A motion was made to amend the rule nisi for a new trial, by adding two grounds, founded on newly discovered evidence. The Court refused the motion to amend, and this decision is assigned as error.

The bill, in this case, was filed to recover a legacy under the will of Henry Canaday. By that will, he bequeathed the bulk

of his estate to *five* legatees, his daughters. A subsequent item prescribed, "I hereby direct that the devises and bequests herein made to my said daughters, shall be entire and free from all claims in their behalf; and if any claim should be set up, at any time hereafter, against my estate, by any of my daughters, or in their right, for the hire of negroes, or for any other cause whatever, I hereby direct that the share of my estate herein given, of such as set up such claim, or in whose right the claim is made, shall be wholly forfeited; and said share be divided among my other daughters, pursuant to the directions of this my will." The will bore date in 1839. Testator died in 1843, without changing its provisions. Subsequent to 1839, Darrell and his wife (one of the daughters) brought suit against Canaday for the hire of certain negroes. Prior to Canaday's death, the suit was dismissed, at his cost.

Snelling, as administrator of Canaday, distributed the legacy, excluding Mrs. Darrell.

This bill was filed to recover her share. On the trial, the Court charged the Jury, that "the intention of testator was to be arrived at by settled rules in Equity, and that the rules of construction by which the intention was arrived at, was a question of law for the Court; and the Jury were bound to respect the opinion of the Court." This charge was the first ground assigned for a new trial.

The Court farther charged, that the complainant had not forfeited her legacy under the will by the suit, during her father's life. This is the second ground taken for a new trial.

The Court refused to charge that "dead men could have no estate," but charged, "that a man might leave property at his death, which might be and was usually called 'his estate'." This is the third ground taken for a new trial.

The Court allowed evidence to be given in, to show the value of the negroes and other items of the legacy, at the *time of the trial;* and also the opinions of witnesses, as to the value of the negroes, their ages and general condition being sworn to by others. This is the fourth ground taken for a new trial.

The Court charged the Jury, that their verdict could only

be for money, the negroes having been distributed. This is another ground taken for a new trial.

The Court refused to instruct the Jury, (after their discharge) to deliver to the Counsel the calculations on which their verdict was based, which were admitted to be still in their possession, the Court stating that it was discretionary with the Jury to do so or not. This was another ground taken for a new trial.

Another ground was, that the verdict was for an excessive amount. On this ground the Court below certified that he had made a laborious calculation, himself, which resulted in a *larger* amount for complainant than the Jury found.

The over-ruling of this motion, for a new trial, on the several grounds stated, is the error complained of in this case.

Judge BENNING having been of Counsel, did not preside in this case.

TUCKER and H. HOLT, for plaintiff in error.

S. JONES and GAULDEN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Has a party the right to amend a motion for a new trial at the hearing, so as to include other grounds besides those originally taken?

Newly discovered testimony was the foundation of the application in the present case; and it consisted of two items—1st. A return made by Snelling to the Court of Ordinary, in March, 1845, which he swears he searched for diligently, and was unable to find at the trial, and which he insists will show an indebtedness of the estate of Canaday, to him, of $1102 $\frac{13}{100}$, and for which he has been allowed no credit. 2dly. The evidence of one George Rish, by whom the defendant proposes to prove, that the complainants in the bill were notified by the testator, that he had made his will and had directed the forfeiture of

his daughter's legacy, provided she brought suit upon a claim which she set up to a portion of his negroes and the hire thereof.

Had the defendant the right to amend his rule *nisi*, so as to include this additional ground? If so, he must derive it from the Act of February, 1854, "to change and simplify Practice and Pleadings in this State." (*Duncan's Dig.* 20.) For in the *Executors of Riggins vs. Brown*, (12 *Ga. R.* 271,) this Court held that a rule *nisi* for a new trial, could not be amended by the addition of new grounds, after the application was filed. By the Act of the last Legislature, parties, plaintiffs or defendants, whether in Law or in Equity, are entitled, as of right, to amend their *pleadings*, in *all* respects, in *any* stage of the case, subject, however, to be taxed by the Court with costs, provided the party applying has been guilty of negligence, and subject to such other reasonable and equitable terms as the Court may see fit to impose, not affecting the real merits of the case.

Is, then, a motion for a new trial a part of *pleadings* in the cause? Pleadings have a restricted as well as a general meaning. The one is denominated regular, and the other irregular or collateral pleading. The former begins with the declaration and terminates with the issue of fact or of law, or both. (See 3 *Vol. Black. Com. Title Pleading.*) The latter includes bills of exceptions, writs of error, motions for new trials and every thing which transpires during the progress of the cause, from its inception to its consummation. (*Viner's Abridg. Pleas & Plead. C.*)

The question then recurs—in which sense did the General Assembly intend to use the term in the Statute? We cannot hesitate to conclude, taking the whole tenor and spirit of our laws into the account, that the term pleading was designed to be used in its broad sense, and that consequently it includes a motion for a new trial; and to deduce as a corollary, of course, that the same may be amended so as to include a ground not taken when the application was filed.

Must we, of necessity, remand the cause? We are not re-

quired, imperatively, to do so, on account of this error, as we are under the New Trial Act. Still, if, from a mistake of the law, the party has lost an important right, he is entitled to redress. Now the view we take of the matter is this : The testimony of George Rish is inadmissible, because incompetent. What the testator said or did, after writing his will, can hardly, we suppose, be looked to as one of those surrounding circumstances referred to in the books, in the light of which the will is to be interpreted, and which may be proven by parol. But the return for 1844, made the ensuing March, ought to have been before the Jury, to enable them to take a correct account between these parties. It exhibits, according to the record, a balance of $1102 $\frac{13}{100}$, in favor of Snelling, the administrator, upon the receipts and expenditures of the current year. Unless, then, the complainants will scale their decree to the amount of their portion of this sum, with interest thereon, from March, 1845, to the date of the recovery, a new trial must be granted; and it is accordingly ordered.

We affirm the judgment below upon all the other grounds, suggesting, merely by way of reservation, that in prescribing rules for interpreting bills, some slight modification in the terms employed by the Court would have been desirable, with a view to greater accuracy. We somewhat doubt, also, as to whether or not the testimony of Boynton and Mercer should have been let in, until it appeared that it was the best which the nature of the case admitted of. To say the most of it, it was very vague and unsatisfactory; scarcely definite and certain enough to make the basis of a verdict.