## Cox *vs.* Weems.

1. When the complaint in the motion for a new trial is that "the court erred in allowing counsel for defendant, over the objection of complainant's counsel, to read the deposition of Mrs. Eliza Weems, wife of S. R. Weems, in detailing a conversation between herself and her husband, not had in presence of complainant, in which S. R. Weems claimed the land in controversy as his own property and not the property of complainant, the objection being based on the

ground that complainant was not present, and on the ground that the conversation was a confidential communication between husband and wife," and when the evidence of the witness, as contained in the record, is not confined to a single conversation but may be construed as referring to several, and consists of answers to five direct and four cross interrogatories, and it cannot be determined with certainty what particular language in the answers, or any of them, was objected to, the supreme court will not undertake to *locate* the motion for a new trial on this or that part of the testimony.    When the evidence objected to is contained in answers to interrogatories, the obnoxious answer or answers ought to be designated in the motion for a new trial by number, or by quota tion, or in some other way, so as to leave no uncertainty in respect to the subject-matter and range of the objection.

2. The motion for a new trial is a part of the pleadings, and has no business in the bill of exceptions ; the contents of the motion as certified by the clerk in the transcript is, therefore, the appropriate evidence of what the motion contains, and where the bill of exceptions states the contents differently from the transcript the latter will govern.    It follows that where the motion for a new trial as set out in the transcript represents that the court refused to charge that the marital rights of the complainant's husband would attach, such refusal to charge will be treated here as the matter complained of in the original motion, though the copy of the motion as contained in the bill of exceptions states the complaint to be the giving of the charge and not a refusal to give it.

3. The testator made his will in 1854, and died in 1855.    The terms of the will, so far as they relate to the present controversy, were as follows :   "I will and bequeath to my son, Samuel R. Weems, all my landed estate (describing it), provided, nevertheless, I reserve to my daughter, Peggy Ann Cox, a lease to continue during her lifetime or as long as she may see proper to live on it, seventy-five acres of land, more or less, of the above described tract (defining the boundaries of the reservation), and should my daughter cease to occupy said land, either from death or removal or otherwise, my said son, Samuel R. Weems, to possess and hold said leased tract of land as he does the balance of said land, to and for the benefit and behoof of himself and his heirs forever in fee simple.  *  *  *  I will and bequeath to my son; Samuel R. Weems, in trust for the use of my daughter, Peggy Ann Cox, during her natural lifetime, besides the lease in the land before mentioned, four negroes (describing them) together with their increase, and at the death of my said daughter said negroes, together with their increase, to go to my grandson Robert S. Cox, to him and his heirs forever.    Also, one other negro (naming her) with her increase, in the same way ; and at the death of my said daughter this girl, with her increase, to be divided equally

between the children of my said daughter, to-wit, Robert E. Cox and Mary E. Taylor. Also, one equal part with my other children of money arising out of my estate not disposed of in or by legacies by this my last will and testament; said money, should it not be made use of for the use and benefit of my said daughter during her lifetime, at her death to be equally divided between her two children aforesaid."

*Held,* first, that the will is for construction by the court, not the jury, there being no ambiguity:

*Held,* second, that the trust attached upon the so-called lease of the land, as well as upon the personalty:

*Held,* third, that as the land was intended to furnish Mrs. Cox personally with a home, she took a separate estate in it, unaffected by the marital rights of her husband:

*Held,* fourth, that it was competent for the trustee, he alone being interested in the remainder, to waive the condition of her occupying the land, and that such waiver, if made by him and acted on by her, would prevent non-occupation from working a termination of her estate at any time during her life.

Practice in the Supreme Court. New Trial. Practice in the Superior Court. Interrogatories. Wills. Trust. Husband and wife. Estates. Before Judge HILLYER. Henry Superior Court. April Term, 1879.

In September, 1874, Mrs. Cox filed her bill against Weems to recover the possession of the seventy-five acres of land the use of which for life was devised to her by her father, Samuel Weems, as stated in the third head-note, and mesne profits or rent for the time it had been possessed by defendant, the grandson of the testator, and his father. The great point of contest was as to whether the complainant had ever taken possession of the property at all under the will, and if she had, whether she had not lost her right thereto by removal to Mississippi. She alleged that she at one time occupied the land and moved to her father's house at his request, and lived with him until he died ; that then, at the suggestion of Samuel R. Weems, the father of defendant, under whom he held, and the remainderman under the will, she moved to Mississippi, he agreeing to pay her rent for the property during her non-residence, to manage

and control the same for her, and thereafter paying her a portion of such rent.   On the other hand, defendant alleged that said Samuel R. Weems put complainant upon distinct notice of what would be the effect of her removal, etc., denied emphatically that said Samuel R. had ever paid her any rent, and claimed the land as his as heir-at-law of his father.

The jury found for defendant.

The complainant moved for a new trial upon the following, among other grounds:

1. Reported fully in the first head-note.

2. Because the court erred in charging the jury that they must determine whether S. R. Weems was trustee of complainant from the will, the circumstances and testimony in that connection, instead of determining himself the proper construction of the will, and whether or not it made S. R. Weems trustee of complainant as to the land.

3. Reported fully in the second head-note.

4. Because the court erred in charging that if the jury believed from the testimony that S. R. Weems claimed the land as having been forfeited to him under the provisions of the will, and held it for seven years adversely, claiming it as his own, before the commencement of this suit, then complainant could not recover.

As to this ground the presiding judge says that he added a more elaborate explanation of what would constitute adverse possession, and the further condition that complainant must have had notice of the adverse holding before the seven years would begin to run against her.

5. Because the verdict was contrary to the following charge: "If you believe that complainant removed to Mississippi with an understanding with S. R. Weems that he would hold and manage the land for her during her absence, then she would be entitled to recover, because the provisions of the will do not require an actual personal occupancy, but she may hold and occupy by another so as to prevent a forfeiture."

6. Because the verdict was contrary to the charge of the court, law and evidence.

The motion was overruled, and complainant excepted.

BOYNTON & DISMUKE; BECK & BEEKS; H. C. PEEPLES, for plaintiff in error.

STEWART & HALL, for defendant.

BLECKLEY, Justice.

1. The motion for a new trial is too loose in respect to the evidence of Mrs. Weems. There were several conversations, and the answers of the witness extend to five direct and four cross-interrogatories. We cannot *locate* the motion on this or that part of the testimony. The obnoxious answers ought to have been pointed out by number or by quotation, or in some other way so as to leave no uncertainty as to the subject-matter and range of the objection.

2. The motion for a new trial is a part of the pleadings. 17 *Ga.*, 141; 55 *Ib.*, 464; 57 *Ib.*, 151. It does not belong to the bill of exceptions and has no business to appear in it. What is properly record is to be evidenced by the transcript duly certified, and as the clerk sets forth the motion in the transcript so it will be taken in the supreme court, and a different version given of it in the bill of exceptions will be disregarded. 44 *Ga.*, 620; 56 *Ib.*, 439; 59 *Ib.*, 840; 57 *Ib.*, 154. In this case if we take the transcript we are assured that the court refused to charge the jury that the marital rights would attach, and though what purports to be a copy of the motion for a new trial embodied in the bill of exceptions represents the matter differently, we treat the charge as refused, and so treating it, there was no error on that point.

3. We think the will free from ambiguity, and that its construction was alone for the court. The trust attached upon the so-called lease of the land, as well as upon the personalty. The purpose and intention were to furnish

Mrs. Cox personally with a home, and that being so, she took a separate estate in the home, unaffected by the marital rights of Cox, her husband. Inasmuch as the trustee, and he alone, was interested in the remainder, he could certainly waive the condition of her occupying the land. It is clear, too, that if such a waiver was made by him and acted on by her, it would prevent non-occupation from working a termination of her estate at any time during her life. The case ought to be tried over on the views of the law which we have announced. The facts are for the jury; and on them we express no opinion.

Judgment reversed.