### CHURCHILL v. NEAL.

LUMPKIN, J. 1. If a married woman executed a will by which she devised certain land and personalty to her husband and other lands to relatives of hers, and if subsequently her husband, by fraudulent representations as to the conduct of her relatives, procured her to make another will in which no legacies at all were left to some of such relatives, and the bulk of the estate was devised to the husband, one of the legatees in the original will, who contended that it had never been lawfully revoked, and who was omitted from the second will as a legatee, could interpose a caveat to the probate in solemn form of the latter will; and if the fact that it was procured by fraud to her injury as a legatee under the former will was established, the latter will would be refused probate. *Hooks* v. *Brown*, 125 *Ga.* 125, 130 (53 S. E. 583).

(a) The fact that if the decedent left no will the husband would be the sole heir at law, in the absence of children, would not render the second will, procured by fraudulent means and working detriment to legatees under a previous valid will, immune from attack.

2. Where the testimony on behalf of a propounder of a will was to the effect that the testatrix signed it, holding the pen in her own hand, but that, on account of feebleness, she stated to her husband that he would have to assist her, whereupon he took hold of her hand and guided it so that she signed her name, and there was no evidence tending to show that any person independently signed the name of the testatrix in her presence and by her express direction, and there was no issue as to this either in the pleadings or in the evidence, the fact that the judge charged upon the necessity for the testatrix to have executed the will, sometimes using the expression "executed" and sometimes "signed," will not require a new trial, at least in the absence of any request for more explicit instructions on the subject, or of any reasonable ground to infer that the jury were misled, or misunderstood the meaning of the charge.

3. While the charge of the court was not wholly free from error, yet, when it is taken as a whole and in the light of the evidence, there is nothing requiring a reversal.

(a) The propounder of the second will (who was the husband of the decedent, who caused it to be prepared under her instructions as he claimed, and who was named therein as the executor) testified that one reason why his wife made such a great change in the beneficiaries of her first and last will was because some of the "heirs" were picking out their parts of her property, and that those facts came to her knowledge through her relatives. While he denied having made such statements to her, there was evidence that he did so, that they were untrue, and that he had sought to influence the testimony of witnesses by holding out inducements to them, and had made certain admissions to witnesses. The real controversy arose between the propounder, who was a second husband of the decedent, and a caveatrix who was her sister. The verdict sustaining the caveat was authorized by the evidence, and there was no error in overruling the motion for a new trial.

4. There was no error in allowing the two amendments to the caveat. They set out the fraud alleged to have been perpetrated upon the testatrix.

(a) An allegation in the second amendment, to the effect that the pro-

pounder produced and read one instrument to the testatrix as her will, and fraudulently procured her to sign another, which was offered for probate, was not subject to objection because of the allegation that the paper read to the testatrix contained a provision for a faithful cook, while that propounded contained no such provision. This is true although. the cook was not a caveatrix. The allegations in regard to her were only a part of those in relation to the fraudulent procurement of the execution of the paper propounded as the will of the testatrix.

*Judgment affirmed. All the Justices concur.*
SEPTEMBER 16, 1914.

Probate of will. Before Judge Walker. Warren superior court. August 14, 1913.

*E. P. Davis* and *M. L. Felts,* for plaintiff in error.

*L. D. McGregor* and *M. E. Evans,* contra.