VARNEDOE *v.* COUSINS, administrator (two cases).

GILBERT J. E. R. Cousins filed a petition in the court of ordinary for the purpose of probating in solemn form an alleged will of Mrs. Mary A. Atkinson, and for the purpose of having letters testamentary issued to him. Mrs. Willie Varnedoe, as "a child and the only heir at law of the testatrix, filed her caveat denying that the will was valid, because of vagueness and indefiniteness; because the testatrix was not of sound mind and disposing memory; and because she did not execute

MARCH TERM, 1918.   (148

the same freely and voluntarily, but was moved thereto by undue influence. By consent of the parties the case was appealed to the superior court, where a verdict was directed in favor of the propounder. Cousins filed a petition in the superior court, alleging that he was the duly qualified administrator with the will annexed of Mrs. Atkinson, deceased, seeking a construction of the will and direction. Mrs. Varnedoe, in answering this suit, alleged that she was the only living child and sole heir at law of Mrs. Atkinson. The determination of the last named issue is controlling as to both cases, which have been considered together. The jury found against Mrs. Varnedoe on her contention that she was a child and the sole heir of Mrs. Atkinson. Held:

1. The issues were fairly submitted to the jury, and the verdict finding against the contention of Mrs. Varnedoe as to being the child of Mrs. Atkinson is amply supported. The newly discovered evidence is cumulative, and not cause for the grant of a new trial.

2. Since the above ruling is a final adjudication that Mrs. Varnedoe is not a child of the testatrix, under the pleadings it necessarily follows that she is not an interested party in anything concerning the will of Mrs. Atkinson and the distribution of her estate. Braeuel v. Reuther, L. R. A. 1918A, 444, note (270 Mo. 603, 193 S. W. 283). Not being prejudiced by any of the rulings of the court, she cannot complain. Therefore we do not deem it necessary to further deal with the other grounds of the motion for new trial on the equitable petition, or with the motion for new trial on the caveat to the will.

*Judgment on both bills of exception affirmed. All the Justices concur.*

Nos. 751, 752.   JULY 9, 1918.

Probate and construction of will. Before Judge Wright. Floyd superior court. November 1, 1917.

*John S. McClelland, W. B. Mebane,* and *M. B. Eubanks,* for plaintiff in error.

*Sharp & Sharp* and *Maddox & Doyal,* contra.