## Egbert v. Egbert, et al.

(Decided January 13, 1920.)

### Appeal from Caldwell Circuit Court.

1. Wills—Contest—Right to Sue—Interest.—A party having no legal interest in the estate to be affected by the probate of the will cannot maintain a proceeding to contest the will.

2. Wills—Contest—Right to Sue—Interest.—A widow cannot contest her husband's will where she takes under the will the same estate she would have taken had he died intestate.

3. Wills—Contest—Right to Sue—Interest.—Persons who are beneficiaries in a will have such an interest as entitles them to contest another alleged will of the same testator which destroys or reduces their share in his estate.

4. Wills—Contest—Contest Based on Prior Will—Pleading—Sufficiency.—In a will contest a pleading by a widow alleging merely the execution of a prior will by her husband making her sole devisee for life of the entire estate, and the fact that the testator safely kept and preserved it, is not sufficient to show her right of contest, since the alleged former will may have been destroyed or revoked many years before the death of the testator.

5. Wills—Contest—Right to Sue—Interest.—The widow's contingent right of administration on her husband's estate is not such an interest in the estate as entitles her to contest his will.

R. W. LISANBY for appellant.

J. C. GATES and J. E. BAKER for appellees

OPINION OF THE COURT BY WILLIAM ROGERS, CLAY, COMMISSIONER—Affirming.

N. W. Egbert, a resident of Caldwell county, died testate on April 1, 1918, leaving a widow, Mrs. Willie Egbert, but no children. By his will, which was dated June 14, 1917, he devised to his widow the same estate which she would have received had he died intestate. The other portion of his estate he devised to his two brothers with remainder at their death to certain nephews and nieces. John R. Wylie and H. M. Jones were named as executors. The will was probated on April 15, 1918, and the executors qualified by taking the required oath and executing the bond provided by law.

On October 4, 1918, the widow filed in the Caldwell circuit court a paper styled, "Statement, Petition and Appeal," by which she undertook as the sole complaining party to appeal from the order of probate and to contest the will on the ground of testamentary incapacity and undue influence. The executors and the beneficiaries of the will, other than the widow, moved the court to dismiss the appeal on the ground that the widow, who took under the will in question the same estate she would have taken had the testator died intestate, had no such interest in the estate as entitled her to contest the will. Pending the motion, the widow filed an amended "Statement, Petition and Appeal," basing her right to contest the will on the following grounds: (1) The executors qualified before the second county court day after the death of the decedent; that neither was related to the decedent in any manner; and that she was thereby deprived of her legal right either to qualify as the personal representative of the decedent or to name the personal representative; (2) many years prior to the death of the testator, he wrote, executed and published in his own handwriting his last will and testament which he safely kept and preserved and by which he devised to the petitioner a life estate in all of his property.

It is well settled that a party having no legal interest in the estate to be affected by the probate of the will,

cannot maintain a proceeding to contest the will. Floore, et al. v. Green, et al., 83 S. W. 133, 26 Ky. Law. Rep. 1089; Brooks v. Paine's Ex'rs, 123 Ky. 271, 90 S. W. 600. It is likewise the rule that a widow cannot contest her husband's will if without such contest she can obtain the same substantial benefits by renouncing the provisions of the will and electing to take under the statute; Mercer v. Smith, 32 Ky. Law Rep. 1003, 107 S. W. 1196; Mercer v. Smith's Guardian, 32 Ky. Law Rep. 1008, 107 S. W. 1197, and there is every reason why the same rule should apply where, as in this case, the widow takes under the will the same estate she would have taken had her husband died intestate. Thompson v. Turner, 173 Ind. 593, 89 N. E. 314, Ann. Cases, 1912 A, 740. In view of these principles it is clear that the widow cannot contest the will in question unless the existence of the alleged prior will, or the fact that the widow was prevented from administering on the estate, gives her such right.

It may be conceded that persons who are the beneficiaries in a will have such an interest as entitles them to contest another alleged will of the same testator which destroys or reduces their share in his estate. Re Langley, 140 Cal. 126, 73 Pac. 824; Buckingham's Appeal, 57 Conn. 544; Churchill v. Neal, 142 Ga. 352, 82 S. E. 1065; McDonald v. McDonald, 142 Ind. 55, 41 N. E. 336; Crowley v. Farley, 129 Minn. 460, 152 N. W. 872; Turhune v. Brookfield, 1 Redg. (N. Y.) 220; Merrill v. Rolston, 5 Redf. (N. Y.) 220; Murphy v. Murphy, 23 Ky. Law Rep. 1460, 65 S. W. 165. Without attempting to lay down any rule as to what the contestant should allege with respect to a prior will, it is sufficient to say that no contest based on a former will can be maintained unless the former will is in existence. Here, the contestant merely alleged the execution of the prior will making her sole devisee for life of the entire estate of the testator, and the fact that the testator safely kept and preserved it. How long he kept it, is not alleged. For aught that appears in the statement or petition, the alleged former will may have been destroyed or revoked many years before the death of the testator. We therefore conclude that the allegations of the statement or petition with respect to the former will were not sufficient to show the widow's right to contest the will in question.

Under our statute the widow has the preferred right to administer on her husband's estate, section 3896, Kentucky Statutes, but, of course, the county court has some

discretion in the matter of her appointment and is not required to appoint her unless she is eligible and competent to execute the trust. It follows, therefore, that her right of administration is not absolute but contingent. In the case of McMasters v. Blair, 29 Pa. 298, the court, in speaking of the widow, said: "Her contingent right of administration is not an interest in the estate entitling her to dispute the will; but only the legal provision for its settlement in case there be no will." And in the case of Fallon v. Fallon, 107 Iowa 120, 77 N. W. 555, the court, after referring to the widow's paramount right of appointment as administratrix, if competent to discharge the trust, said: "But we do not think the right to administer upon an estate conferred by statute gives the widow such an interest in the estate as to entitle her to contest the will. Since her share cannot be affected by the will without her consent, her interest in the administration of the estate is little more than that of a stranger. Although, as a mother, she may be interested in the share of the daughter, yet, as we have seen, that interest is not sufficient as a basis for a contest. It has been held that a person, as an administrator or executor, who is merely interested in the fees of administration, is not entitled to contest the will. Hemsted v. Ferry, 107 Iowa 117; In re Sanborn's Estate, 98 Cal. 103 (32 Pac. Rep. 865); In re Hickman's Estate, 101 Cal. 609 (36 Pac. Rep. 118); Maurer v. Maurer's Ex'rs, 5 Md. 324." We find ourselves in full accord with the foregoing view of the question.

It follows that the circuit court did not err in dismissing the proceeding on the ground that the widow had no such interest in her husband's estate as entitled her to contest his will.

Judgment affirmed.