23380. PIEDMONT WAGON & MANUFACTURING COMPANY *v.* BIRD.

MACINTYRE, J. 1. The appellate courts will not, 'under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence, or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. This is true although the grant of the new trial be based upon an insufficient ground (*McCarty* v. *Mobley,* 14 *Ga. App.* 225, 80 S. E. 523), or upon a single ground not well taken. *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121. Unless the case can be brought within the exception just stated, it is useless for parties to bring before the appellate courts of this State the judgment of a trial judge granting a first new trial. *Park* v. *Stevens,* 21 *Ga. App.* 180 (94 S. E. 60); *Gresham* v. *Lee,* 28 *Ga. App.* 576 (112 S. E. 524); *Mays* v. *Mays,* 33 *Ga. App.* 335 (126 S. E. 299); *Skipper* v. *Overall,* 47 *Ga. App.* 691 (171 S. E.'310); *Murray* v. *Davidson,* 174 *Ga.* 213 (162 S. E. 526); Civil Code (1910), § 6204; *Cox* v. *Grady,* 132 *Ga.* 368, and cit. See 3 Stevens' Index-Dig. Ga. R. 2739.

2. A careful examination of the evidence in this case, the same being an action on account for $1,086.93 principal and $72.28 interest, does not disclose that the verdict for the plaintiff was absolutely demanded by the evidence. Under the contention of the defendant and the evidence, the jury were authorized to find that he was entitled to a discount and a credit for freight paid by him, which would make the account $750. The defendant contended also, that the articles sold to him by the plaintiff were in a faulty condition and that the consideration had partially failed, and that he was therefore only due the plaintiff $375.23. The evidence shows that the defendant did 'not notify the plaintiff of the unsatisfactory condition of the goods purchased until the filing of his answer in this case. Plaintiff contends that the defendant's plea of partial failure of consideration was not good and was not supported by the evidence. Without deciding this issue, the jury would have been authorized, under the evidence, to return a verdict for the plaintiff for only $750 principal, whereas they did return a verdict for $871.07 principal. The court ruled out certain documentary evidence that the plaintiff contends was immaterial and irrelevant, which rulings the defendant made the subject-matter of his special grounds of the motion for new trial. The judge in granting a new trial stated that he was doing so on account of having ruled out this evidence. Under these circum-

stances this court, "without undertaking to make any adjudication with respect to the reason assigned by the trial judge as the basis for his action, will affirm the judgment," even though it should appear that the judge "considered irrelevant, immaterial and improper matter in passing upon the motion." *Carr* v. *Carr*, 157 *Ga.* 208 (121 S. E. 227); *Hawk* v. *W. & A. Railroad*, 20 *Ga. App.* 395 (2) (93 S. E. 40).

3. Since the case is to be retried, this court will not pass upon the sufficiency of the evidence further than to say that it did not demand a verdict for the plaintiff in the sums found by the jury.

 *Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*

. DECIDED JUNE 26, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Anderson & Trapnell,* for plaintiff.
*G. C. Powell, Kirkland & Kirkland,* for defendant.