*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

25031.   JENKINS *v.* BROWN.

DECIDED DECEMBER 9, 1935.

*Augustine Sams,* for plaintiff.

*Thomas M. Stubbs, Talley Kirkland,* for defendant.

JENKINS, P. J. 1. "The appellate courts will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence, or upon a ground which involves purely questions of law, unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. This is true although the grant of the new trial be based upon an insufficient ground. . . , or upon a single ground not well taken. . . Unless the case can be brought within the exception just stated, it is useless for parties to bring before the appellate courts of this State the judgment of a trial judge granting a first new trial." *Piedmont Wagon & Mfg. Co.* v. *Bird,* 49 *Ga. App.* 426 (176 S. E. 109), and cit. "Although the plaintiff's action was formerly dismissed upon a general demurrer thereto, and this judgment was reversed by this court . . , there has, as yet, been but one trial on the merits. The same having resulted in a verdict for the plaintiff, and a new trial having been granted, the case falls within the established rule applicable to the first grant of a new trial." *Denson* v. *Denson,* 97 *Ga.* 359 (23 S. E. 838). See, in the instant case, the former decision, reversing the dismissal of the petition on general demurrer. *Jenkins* v. *Brown,* 48 *Ga. App.* 480 (173 S. E. 257).

2. On the first grant of a new trial to the defendant, after a verdict for $2550 in favor of the plaintiff, the judge entered the following order: "This suit is based upon an alleged breach of contract for the erection of a building . . Two pertinent issues are involved in the case, namely, first, whether a contract was made as alleged; and secondly, if so, what was the difference between the contract price and the cost necessary to have complied with the contract. On the first issue a stubborn contest was waged. The evidence with regard to the second issue was not highly satisfactory from the point of view of the plaintiff; and the defendant offered little, if any, evidence with respect

thereto.   The evidence with respect to different classes of construction work necessary to complete the contract was largely that of estimates.   It did not go to the exact quantity of material necessary in each particular, nor the exact amount of work necessary, nor the exact cost of material and labor.   While it is not the duty of the plaintiff to be concerned about the point of view of the defendant, it is not clear that the evidence of the plaintiff was wholly satisfactory to the jury.   The verdict was for less than the plaintiff claimed, despite the absence of evidence on the part of the defendant.   A very careful study has been given to the record in this case, and the court is not satisfied with the manner in which the case was tried."   Error is assigned on this judgment, upon the grounds that it is contrary to law; that the verdict for the plaintiff was demanded by the law and the evidence; that the judge had no discretion to grant a new trial, after the fixing of the law of the case by the previous rulings of this court and the trial court on the demurrers, and the establishment by the plaintiff of the case as pleaded; that the reasons given by the judge were wholly insufficient, too vague and indefinite, to constitute a legal reason for a new trial; and that, even if the trial judge had discretionary powers, the order was an abuse of discretion.   These grounds are without merit.   The order does not show a failure by the judge to exercise his legal discretion to pass upon the weight and sufficiency of the evidence, but was in effect a holding that the proof of the amount of damages, which, as was said, "it is not clear  .   . was wholly satisfactory to the jury," was also not satisfactory to the court.   Irrespective of the correctness or sufficiency of this or other reasons assigned by the judge as warranting the grant of a new trial, the order further stated that "a stubborn contest was waged" on the issue "whether a contract was made as alleged." An examination of the record shows that there was sharply conflicting testimony on the question whether the minds of the parties met as to certain essential provisions of the alleged contract, and what such provisions were.   A verdict in favor of the plaintiff on those issues not being demanded, the order granting a first new trial must, under the settled rules, be affirmed.

*Judgment affirmed.   Stephens and Sutton, JJ., concur.*