33073. DORSEY *v.* GEORGIA RAILROAD BANK & TRUST CO., executor.

DECIDED JULY 13, 1950. REHEARING DENIED JULY 26, 1950.

*Pierce Brothers,* for plaintiff.
*Cumming, Nixon & Eve, William D. Harden, James B. Mulherin,* for defendants.

SUTTON, C. J. Mary Lou Hawes Dorsey, as the widow of Essage Dorsey, late of Richmond County, Georgia, made application to the court of ordinary of said county to have set apart and assigned to her, either in property or money, a sufficiency from the estate of her said husband for her support and maintenance for the space of twelve months from the date of administration of said estate. She alleged that Essage Dorsey died on March 11, 1949, and that the Georgia Railroad Bank and Trust Company is the duly constituted and appointed executor of the estate of said deceased. Said executor acknowledge service of the application for a year's support, on March 29, 1949, and the petition was filed on March 30, 1949. Appraisers were duly appointed and made their return setting apart $75,000 in cash for her support and maintenance for the space of twelve months from the eleventh day of March, 1949. The Georgia Railroad Bank and Trust Company, as executor under the will of Essage Dorsey, filed a caveat objecting to the return of the appraisers on the ground, among others, that the amount of $75,000 was greatly and grossly in excess of that amount which should be set apart to the widow as a year's support, and that the deceased did not spend in excess of $1800 per year for the support and maintenance of himself and his wife at the time of his death, nor for a period of fifteen years immediately preceding his death; that the amount set apart as a year's support would result in the diminution of the estate so as to defeat the testamentary scheme of the deceased as expressed in his will to the injury of the legatees therein.

The ordinary disapproved the return of the appraisers and reduced the amount of the year's support to $30,000. An appeal was made to the superior court by the executor; and a jury in that court awarded the widow, Mary Lou Hawes Dorsey, $50,000 as a year's support.

"The Georgia Railroad Bank and Trust Company, Executor under the Will of Essage Dorsey," as appellant, made a motion for a new trial, naming Mary Lou Hawes Dorsey as appellee, and reciting therein that a verdict and judgment had been rendered in Richmond Superior Court against appellant by awarding $50,000 as a year's support to appellee. Counsel for the widow, appellee, moved to dismiss the motion for new trial on

the ground that said motion in the name of "Georgia Railroad Bank and Trust Company, Executor under the Will of Essage Dorsey, appellant, versus Mary Lou Hawes Dorsey, appellee" was not a motion for new trial between the Georgia Railroad Bank and Trust Company in its representative capacity as executor under the will of Essage Dorsey.

The appellant moved to amend its motion for new trial by inserting between the words "Georgia Railroad Bank and Trust Company" and the words "Executor under the Will of Essage Dorsey," the words "in its representative capacity as" so that the name of movant in the motion for new trial would be "Georgia Railroad Bank and Trust Company, in its representative capacity as Executor under the Will of Essage Dorsey." The motion to amend was allowed and the court then overruled the motion to dismiss the motion for new trial, to which rulings the appellee, now plaintiff in error, excepted.

A hearing was had on the motion for new trial and the trial judge granted a new trial and entered the following order: "After considering the brief of evidence theretofore allowed and filed, it appearing that the verdict allowing a year's support in the said case in the amount of $50,000 was not supported by any evidence, in that the testimony of the appellee, Mary Lou Hawes Dorsey rebutted the prima facie evidence consisting of the return of the appraisers setting aside the sum of $75,000, which evidence of the said Mary Lou Hawes Dorsey was not contradicted by evidence of other witnesses except to the extent that such additional evidence established that the amount necessary to support and maintain said Mary Lou Hawes Dorsey, widow of Essage Dorsey, for the space of twelve months from the date of administration, estimated according to the circumstances and standing of the family previous to the death of Essage Dorsey, could not under any circumstances exceed $3500, and that the said verdict of $50,000, was, therefore, excessive and not supported by the evidence."

The appellee, now plaintiff in error, excepts to the rulings allowing the amendment and overruling the motion to dismiss, as above stated, and to the order granting a new trial.

■ The contention of the plaintiff in error that the motion for a new trial in this case should have been dismissed is with-

out merit. The facts with respect to said motion, the amendment thereto, and the motion to dismiss are fully set out in the above statement of facts. "In an action by or against an executor, administrator, or other representative, the petition may be amended by striking out the representative character of such plaintiff or defendant. In an action by or against an individual, the pleadings may be amended by inserting his representative character." Code, § 81-1308. "There is no merit in the contention that the amendment sought to substitute a new and distinct party plaintiff. 'In an action by or against an individual, the pleadings may be amended by inserting his representative character.' Code, § 81-1308. Under this principle, a suit by an administrator may be amended by inserting additional words to describe his representative character." *Metropolitan Life Ins. Co.* v. *Hall*, 191 *Ga.* 294, 304 (12 S. E. 2d, 53). A motion for a new trial is a pleading and may be amended at any stage of the cause before final disposition as a matter of right and not merely in the discretion of the court. *Allen* v. *Bone*, 200 *Ga.* 765, 766(1a) (38 S. E. 2d, 609). See Code § 81-1301, which provides that either party may at any stage of its cause amend his pleadings in form or substance, where there is enough in the pleadings to amend by. The trial judge did not err in allowing the amendment to the motion for new trial, nor did he thereafter err in overruling the appellee's motion to dismiss the motion for new trial.

█ The second question to be determined is whether the trial judge erred in granting the executor's motion for a new trial in this case. This was the first grant of a new trial, and the law in that respect, as provided by statute, is: "The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." It was ruled in *Piedmont Wagon & Mfg. Co.* v. *Bird*, 49 *Ga. App.* 426 (176 S. E. 109), and reaffirmed in *Jenkins* v. *Brown*, 52 *Ga. App.* 241, 242 (183 S. E. 85), that: "The appellate courts will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more

grounds only, or whether it be upon a ground which involves questions of evidence, or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case."

An examination of the record and evidence in this case will show that the amount of the year's support set apart and awarded to the widow by the verdict of the jury was not demanded by the law and the facts. Briefly, the evidence shows that Essage Dorsey and his wife lived very modestly, that they were so living at the time of his death and had been for many years prior thereto, spending for living expenses, perhaps, not more than $150 per month or $1800 per year. It appears to have been their custom and habit to live very frugally, although Essage Dorsey had accumulated an estate worth some $307,257, in real estate and U. S. Government Bonds, at the time of his death. The fact that he left such an estate was no doubt largely due to their manner of living and saving as described in the evidence, and it does not appear that his wife had objected to said manner of living.

A year's support for the widow, or widow and minor children, is among the necessary expenses of administration of an estate, and is to be preferred to all other debts, except as otherwise specially provided. It is to be a sufficient amount from the estate for the support and maintenance of the widow, or widow and minor children where there are minor children, for the space of twelve months from the date of administration, to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate. See Code (Ann. Supp.), § 113-1002. Under the facts and circumstances of this case, can it reasonably be said that the sum of $50,000 for the support and maintenance of this widow was within the intent and purpose of the law providing for the support and maintenance of a widow for the space of twelve months? The trial judge thought not.

The order of the trial judge granting a new trial states that after considering the brief of evidence it appears that the verdict of the jury allowing a year's support to the widow in the

sum of $50,000 was not supported by any evidence, in that the testimony of the widow rebutted the prima facie evidence consisting of the return of the appraisers, which evidence of the widow was not contradicted by the evidence of other witnesses except to the extent that such additional evidence showed that the amount necessary to support and maintain the widow of Essage Dorsey for the space of twelve months from the date of administration, estimated according to the circumstances and standing of the family previous to the death of Essage Dorsey, could not under any circumstances exceed $3500, and that the verdict for $50,000 was, therefore, excessive and not supported by the evidence.

The bank is the executor of the will of Essage Dorsey and is the proper party to represent the estate and legatees under. the will. As such executor it had the right to contest the amount of the award of the year's support on the ground it was excessive and, therefore, harmful to the estate and those it represented. See *Wilson* v. *Wilson*, 54 *Ga. App.* 770 (189 S. E. 71).

The trial judge did not err in granting the executor's motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner, Townsend, and Worrill, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The sole question is whether the court erred in granting a new trial to the executor. The answer to this question depends on whether one caveating the return of appraisers granting a year's support must prove that he is an interested party entitled to file a caveat or that he is legally qualified to represent a party who is an interested party. I think that the right to caveat the return of appraisers setting apart a year's support is analogous to the right of one to contest the probation of a will. Where one who was not an interested party having an interest to protect contested a will the court looked to that fact first and ended the controversies

at that point. *Hooks* v. *Brown,* 125 *Ga.* 122 (53 S. E. 583); *Brown* v. *McBride,* 129 *Ga.* 92 (58 S. E. 702). The question of the right to caveat a will should be first considered if the point is made. *Wetter* v. *Habersham,* 60 *Ga.* 193. Such a question has also been considered in other cases. *Churchill* v. *Neal,* 142 *Ga.* 352 (82 S. E. 1065); *Varnedoe* v. *Cousins,* 148 *Ga.* 229 (96 S. E. 326); *Oslin* v. *State,* 161 *Ga.* 967 (132 S. E. 542); 57 Am. Jur. p. 540, 541, 542, §§ 797, 798. The question of the right of caveator is also a basic question in a case involving a caveat to the return of appraisers setting apart a year's support. *Mathews* v. *Rountree,* 123 *Ga.* 327 (51 S. E. 423); *Montgomery* v. *McCants,* 49 *Ga. App.* 324 (175 S. E. 397). The question of the excessiveness of a year's support does not become justiciable until the evidence shows that the excessiveness is harmful to the caveator or to those he represents. A person not harmed and not interested in any way may not contest the award for academic or other purposes. In this case the executor alleged harm and injury to alleged legatees under the will but the will was not introduced in evidence. Since the will was not introduced in evidence there was no proof that the amount awarded by the jury was harmful to any legatee or any other person, and since it was admitted that there were no minor children and no debts, the executor was not entitled to prevail, and a verdict was demanded in favor of the return of the appraisers. There is no presumption one way or another in such a case as to who are legatees and a caveating executor must prove injury to those he seeks to represent. However, the widow is not contesting the verdict of the jury which reduced the award of the appraisers, but is relying upon it and resisting the grant of a new trial which she has a right to do. Where a party obtains by a verdict more than he is legally entitled to under the law the grant of a new trial to him is error. If the jury had found in favor of the appraisers' return, the grant of a new trial to the executor on the ground that the award was excessive would have been error under the facts of this case, since the executor did not prove that the award was harmful to anyone whom it in its representative capacity was authorized to represent in filing the caveat. See *Rozenberg* v. *Sund,* 81 *Ga. App.* 856 (60 S. E. 2d, 390).

I think that the court erred in granting a new trial to the executor on the ground of excessiveness of the verdict of the jury.