42539. HEGEDUS v. HEGEDUS.
(335 SE2d 284)

GREGORY, Justice.

Charles Hegedus (appellant) and his former wife, Peggy, were granted a divorce by judgment on the pleadings. At a later trial, a jury awarded certain real property, child support and alimony to the wife. The husband's motion for new trial was denied. We now reverse and direct that a new trial be granted.

The main issue is whether a spouse's undisclosed remarriage the day before a jury trial on alimony and distribution of property constitutes the type of newly discovered evidence that should result in the grant of a new trial. We also consider whether an amendment to a motion for new trial on the ground of newly discovered evidence relates back to the time of filing of the original motion.

Charles and Peggy Hegedus were married in 1968. During the marriage, the husband and his brother purchased 15 acres of land in Butts County. When Charles later bought out his brother's interest, the Hegedus couple purchased a mobile home and moved it to the property to use as their home. While an earlier divorce petition was pending in 1981, the husband conveyed the 15 acres to his wife by quitclaim deed. Later the petition was dismissed. Under the current action a divorce was granted on March 8, 1984. A trial on the issues of alimony, child support and property distribution began on September 10, 1984. The next day, the jury returned a verdict awarding the 15 acres and mobile home to the wife, as well as $75 weekly child support and $25 weekly alimony. The jury awarded a barn and shed on the property, personal papers, and auto repair tools and parts to the

husband, who is a mechanic by trade.

Mr. Hegedus later learned that his former wife had remarried on September 9, 1984, the day before the jury trial. At the trial, the wife did not reveal that she had remarried. The husband points out that when asked her name under oath, his former wife replied "Peggy Hegedus" without further amplification.

The husband timely filed a motion for new trial on October 26, 1984, on the general grounds claiming that the verdict was contrary to law, contrary to the evidence and strongly against the evidence. On January 8, 1985, the husband filed an amendment to the motion. The amendment added several new grounds, including the ground of newly discovered evidence in reference to his former wife's remarriage. That same day, the trial judge denied the motion for new trial. In his order, the judge struck the periodic alimony award from the final decree because of the wife's remarriage.

1. The former wife claims that Mr. Hegedus' amendment to his motion for new trial was not timely filed. OCGA § 5-5-40 (a) gives a 30-day period after the entry of judgment on a verdict for the filing of a motion for new trial. The wife points to OCGA § 5-5-23, which states that a new trial may be granted when new material evidence is discovered after the verdict "and is brought to the notice of the court within the time allowed by law for entertaining a motion for new trial." The wife claims the quoted phrase means that newly discovered evidence thus must be brought to the court's attention within the 30-day limit of OCGA § 5-5-40 (a). We reject this limited interpretation.

OCGA § 5-5-40 (b) provides: "The motion (for new trial) may be amended any time on or before the ruling thereon." Thus, when the phrase in OCGA § 5-5-23, "within the time allowed for entertaining a motion for new trial," is read in the context of the entire code, it indicates that amendments should be allowed until the trial court's final disposition. The code contains no explicit prohibition on adding grounds. In fact, as noted in 69 ALR3d 849, 877 (1976), there is considerable authority in Georgia for the proposition that a party who brings a timely motion for new trial may amend the motion to add new grounds. See *Dorsey v. Ga. R. Bank &c. Co.*, 82 Ga. App. 237 (60 SE2d 828) (1950); *Allen v. Bone*, 200 Ga. 765 (1a) (38 SE2d 609) (1946) (which holds that a motion for new trial is a pleading and may be amended at any stage of the cause before final disposition as a matter of right and not merely in the discretion of the court); *Hamilton v. Conyers*, 25 Ga. 158 (1858); *Snelling v. Darrell*, 17 Ga. 141 (1855).

2. Having decided that Mr. Hegedus' motion for new trial was properly filed and amended, we next evaluate his claim that the motion should have been granted. The rules relating to the grant of a

new trial based on newly discovered evidence are (1) that the evidence has come to the knowledge of the moving party since the trial; (2) that it was not owing to the want of due diligence that the moving party did not acquire it sooner; (3) that it was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be produced or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of the witness. *Walters v. State*, 128 Ga. App. 232, 233 (196 SE2d 326) (1973).

The former wife's main contention is that the husband has not demonstrated that the evidence is so material that it would probably produce a different verdict. We disagree, however. The jury in this case was considering awards of permanent alimony, child support and equitable distribution of property. Both sides testified extensively on their financial needs. In particular, the wife presented much testimony and documentary evidence in an attempt to demonstrate a glaring disparity between her income and resources and those of her husband. In fact, Mrs. Hegedus testified specifically as to her need for the property and mobile home as the only housing alternative for herself and her child. What was not before the jury, however, was the fact that the wife had remarried with the potential of newly acquired resources and income from her new spouse.

The trial judge took the first step toward remedying the absence of the additional evidence by striking the alimony award from the verdict. But he did not go far enough to consider the effect of the evidence on the equitable division of property. Justice Hill in his concurrence to *Stokes v. Stokes*, 246 Ga. 765, 772 (273 SE2d 169) (1980) outlined the equitable principles by which a jury should distribute property after separate property has been awarded: "In making this apportionment, the court or jury shall consider the duration of the marriage, and any prior marriage of either party; the age, health, occupation, vocational skills, and employability of each party, as well as the contribution of service of each spouse to the family unit; the amount and sources of income, estate, debts, liabilities and needs of each of the parties, as well as debts against property; and whether the apportionment is in lieu of or in addition to permanent alimony and the opportunity of each for future acquisition of assets and income by employment or otherwise." As can clearly be seen, income sources, need for support and the relationship of permanent alimony are key elements in figuring equitable distribution. A jury armed with the knowledge that the plaintiff has a new spouse to contribute to household expenses very likely would return a different verdict.

3. Therefore, a new trial should have been granted on the basis of newly discovered evidence. Since the case will be sent back for new

trial, we need not consider the husband's other enumerations of error here.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED OCTOBER 17, 1985.

*Joseph L. Smith*, for appellant.
*William P. Bartles, Alfred D. Fears, Sr.*, for appellee.