A03A1625. SIDHU et al. v. GEORGIA MACON CONTRACTORS & EQUIPMENT, INC.
(587 SE2d 252)

PHIPPS, Judge.

Because appellants were denied their right to a hearing on their motion for new trial, we vacate the judgment appealed and remand for further proceedings.

Ricky Heath Plumbing Company, Inc. (Heath) sued appellants, P. S. Sidhu and others (referred to collectively as Sidhu), in the Magistrate Court of Bibb County. On motion by Sidhu, Georgia Macon Contractors & Equipment, Inc. (Georgia Macon) was added as a third-party defendant. On further motion by Sidhu, the case was transferred to the Civil Court of Bibb County. There, Sidhu filed a counterclaim against Heath and a cross-claim against Georgia Macon, and Georgia Macon filed a counterclaim against Sidhu.

The jury returned a verdict in favor of Georgia Macon and Heath against Sidhu; judgments were entered awarding $25,000 in damages to Georgia Macon and $23,194.71 in damages to Heath. Sidhu filed a motion for new trial, asserting that during the trial the court

---

[10] Tenn. Code Ann. § 39-13-102 (b).

had committed legal errors and abused its discretion in various rulings and that the verdict was against the weight of the evidence. Although Sidhu requested a hearing on the motion, the trial court denied the motion on the day it was filed without holding a hearing.

Sidhu initially appealed both judgments but later withdrew its appeal against Heath. In its appeal against Georgia Macon, Sidhu has enumerated seven errors. Sidhu first contends that the trial court erred in denying its request for a hearing on the motion for new trial. We agree. In *Gantt v. Sweatman*,[1] this court held that, absent a waiver, a movant for new trial is entitled to a hearing on the motion in the trial court before a ruling is made thereon;[2] and that if the movant's right to such a hearing has been denied, we must return the case to the trial court for a hearing and disposition of the motion before the merits of the remaining claims of error are addressed.[3] Therefore, we vacate the judgment and remand the case for a hearing on Sidhu's motion for new trial. If the trial court denies the motion, Sidhu may then file another appeal.

*Judgment vacated and case remanded. Blackburn, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 5, 2003.

*Burnette & Driggers, G. Samuel Burnette, Benjamin D. Driggers,* for appellants.
*Jones, Cork & Miller, Christopher B. Jarrard,* for appellee.

