A08A1320. RICKS v. THE STATE.

(670 SE2d 164)

RUFFIN, Presiding Judge.

On February 26, 2004, Morris Ricks was convicted of trafficking in cocaine. He filed a motion for new trial, but for various reasons no hearing on the merits was ever conducted. At a hearing on August 29, 2005, Ricks dismissed his counsel, and the hearing was therefore continued until October 27, 2005. We find no evidence in the record, however, that a hearing took place on that date. On August 21, 2006,

---

[52] See *Cook v. Robinson*, 216 Ga. 328, 329 (3) (116 SE2d 742) (1960).

the trial court denied Ricks's motion for new trial.[1] Ricks retained new counsel, who filed a motion for a hearing on the motion for new trial or, alternatively, for an out-of-time appeal. The trial court treated it as a motion for new trial, which it denied, but granted the motion for an out-of-time appeal in a separate order. Ricks now appeals the denial of his motion for new trial.

Because Ricks was denied his right to a hearing on his motion for new trial, we vacate the judgment below and remand for further proceedings.[2]

> [A]bsent a waiver, a movant for new trial is entitled to a hearing on the motion in the trial court before a ruling is made thereon; and . . . if the movant's right to such a hearing has been denied, we must return the case to the trial court for a hearing and disposition of the motion before the merits of the remaining claims of error are addressed.[3]

The State argues that Ricks waived his right to a hearing by terminating his counsel at the time of the hearing. But we cannot find on the limited record before us that Ricks's actions merit a finding of waiver. Especially in light of the fact that Ricks asserts ineffective assistance of counsel as one of the bases upon which he seeks a new trial, and because ineffective assistance must be determined through an evidentiary hearing, the appropriate procedure now that an out-of-time appeal has been granted is for the trial court to hold an evidentiary hearing on Ricks's motion for new trial.[4] Accordingly, we vacate the order denying Ricks's motion for a new trial and remand the case for a hearing on the same.[5]

*Judgment vacated and case remanded. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 5, 2008.

*Akil K. Secret*, for appellant.

---

[1] On May 31, 2007, Ricks filed a pro se motion for out-of-time appeal, which was denied. Ricks then sought to appeal the August 21, 2006 denial of his motion for new trial, but that appeal was dismissed as untimely.

[2] See *Sidhu v. Ga. Macon Contractors & Equip.*, 263 Ga. App. 100 (587 SE2d 252) (2003); *Wright v. Barnes*, 240 Ga. App. 684, 685 (524 SE2d 758) (1999).

[3] (Footnote omitted.) *Sidhu*, supra at 101.

[4] See *Holt v. State*, 205 Ga. App. 40, 41-44 (3) (421 SE2d 131) (1992); compare *Jones v. State*, 280 Ga. App. 287, 296 (5) (633 SE2d 806) (2006).

[5] See *Sidhu*, supra; *Wright*, supra.

*Richard G. Milam, District Attorney, James L. Moss, Jr., Rita B. Lewis, Assistant District Attorneys*, for appellee.