**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 16, 2020**

# In the Court of Appeals of Georgia

A19A2446. ALLEN v. THE STATE.

RICKMAN, Judge.

Christopher J. Allen was tried by a jury and convicted of armed robbery and aggravated assault with a deadly weapon.[1] On appeal, Allen contends that the trial court erred by failing to hold a hearing on the claims he raised in his second amended motion for new trial. For the following reasons, we vacate the judgment and remand this case to the trial court for proceedings consistent with this opinion.

Following Allen's convictions, his counsel filed a timely motion for new trial alleging, inter alia, that the trial court abused its discretion by disallowing certain proposed general voir dire questions. At the hearing on Allen's motion for new trial,

---

[1] The jury was unable to reach a verdict on the charges of rape, possession of a firearm during the commission of a felony (rape), and false imprisonment, and thus, a mistrial was declared on those counts.

the trial court orally denied Allen's motion save for a merger issue. With respect to the issue regarding the general voir dire questions, the trial court stated that it "didn't limit the individual voir dire of the jurors."

After the motion for new trial hearing but prior to the trial court entering a final disposition, Allen filed a second amended motion for new trial alleging that trial counsel provided ineffective assistance of counsel by failing to clarify whether it could ask the challenged proposed general voir dire questions during individual voir dire and by failing to ask the questions during individual voir dire. Allen requested a hearing on his new claims. Thereafter, the trial court issued an order denying Allen's second motion for new trial without a hearing based on its conclusion that the second motion did not raise new claims.

Allen contends that the trial court erred by failing to hold a hearing on the claims he raised in his second amended motion for new trial.

Pursuant to OCGA § 5-5-40 (b), a motion for new trial "may be amended any time on or before the ruling thereon." "[I]t is elementary that an oral order is not final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk." (Citation, punctuation, and emphasis omitted.) *Titelman v. Stedman*, 277 Ga. 460, 461 (591 SE2d 774) (2003). Accordingly, Allen was entitled to amend

2

his motion for new trial after the trial court made its oral pronouncement from the bench until the trial court filed its final order. See *Hegedus v. Hegedus*, 255 Ga. 44, 45 (1) (335 SE2d 284) (1985) (holding that a motion for new trial may be amended at any time prior to the final disposition).

"[A]bsent a waiver, a movant for new trial is entitled to a hearing on the motion in the trial court before a ruling is made thereon." *Sidhu v. Georgia Macon Contractors & Equip.*, 263 Ga. App. 100, 101 (587 SE2d 252) (2003). Regarding ineffective assistance of counsel claims,

> [i]t is not always necessary that trial counsel testify in cases where ineffective assistance is alleged. It would depend on what is claimed to have constituted ineffectiveness. If it relates to matters outside of the record, such as that counsel failed to consult with defendant before trial or failed to call material witnesses, then counsel's testimony would probably be needed. But where the "ineffectiveness" relates to alleged errors made during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required; the record speaks for itself.

(Citation and punctuation omitted.) *Wilson v. State*, 277 Ga. 195, 198 (2) (586 SE2d 669) (2003).

In his second amended motion for new trial, Allen raised new ineffective assistance of counsel claims regarding why trial counsel failed to clarify the trial court's ruling prohibiting him from asking the challenged general voir dire questions and why trial counsel did not ask the questions during individual voir dire. Under the facts and circumstances of this case, these ineffective assistance of counsel claims relate to matters outside of the record and require trial counsel's testimony. "Therefore, we vacate the judgment and remand the case for a hearing on [Allen's] [second amended] motion for new trial. If the trial court denies the motion, [Allen] may then file another appeal." *Sidhu*, 263 Ga. App. at 101. See *In the Interest of M. I.*, 344 Ga. App. 172, 173-174 (809 SE2d 540) (2017) (vacating denial of motion for new trial and remanding for a hearing on the motion).[2]

*Judgment vacated; case remanded with direction. Miller, P. J., and Reese, J., concur.*

---

[2] We need not address Allen's remaining enumerations of error because we are vacating the judgment.