## 4995. PEAVY v. SANGSTER et al., administrators.

POTTLE, J. 1. The evidence in the present record is substantially the same as it was on a former trial, upon a review of which it was held that a verdict in favor of either party would have been supported by evidence. *Peavy* v. *Clemons,* 10 *Ga. App.* 507 (73 S. E. 756).

2. Suit was brought by two named individuals, who in the first paragraph of the petition described themselves as administrators of the estate of a deceased person. The petition then set forth facts showing that the defendant was indebted to the estate in a named sum, and prayed for process. *Held:* (1) In the absence of a special demurrer, the petition sufficiently showed that the persons named as plaintiffs were seeking to recover in their representative capacity as administrators of the estate of the deceased person named in the petition. See Civil Code, § 5690. (2) It being admitted in the answer that the plaintiffs were administrators as alleged, it was not necessary for them to prove it; and a verdict in their favor as administrators should not have been set aside because of the absence of such proof.

3. In the bill of exceptions there is a specification of "the defendant's answer on which the case was tried." The clerk of the trial court transmitted with the record a paper purporting to be an answer filed in the case, duly verified, which contains an admission of the allegation in the petition that the plaintiffs are administrators of the estate therein referred to. This document must be treated as the answer filed in the case, notwithstanding a suggestion in the brief of counsel for plaintiff in error that the answer which had been filed in the case was lost, and that in lieu thereof a paper purporting to be an answer was used on the trial, which contained a denial of the representative character of the plaintiffs. Especially is this true when the suggestion is made solely upon information received from others by counsel who had not been connected with the case before it reached this court.

*Judgment affirmed.*

DECIDED SEPTEMBER 9, 1913.

Complaint; from city court of Vienna—Judge Hodges presiding. May 19, 1913.

*Jule Felton, L. L. Woodward, Crum & Jones,* for plaintiff in error.

*Busbee & Busbee,* contra.