LITTLE *et al v.* SAUNDERS *et al.*

PER CURIAM. The exception in this case is to a judgment overruling demurrers to the petition and to the grant of an interlocutory injunction. The pleadings and the evidence made the following case: On April 9, 1918, the plaintiffs' predecessors in title executed and delivered a timber-lease contract, conveying to the defendants' predecessors in title, their successors and assigns, the right for a period of 12 years to cut and remove timber on land as follows: "All the fractional lots numbers 247, 248, 249, 250, and 251; and also lots 195, 194, 196, in Decatur County, Georgia." This description does not designate any land district. The lease contract attached to the petition recites that the grantors "are well seized of said property, and have a good right to convey the same." The petitioners, successors in title and alleged owners of the lands, sought to enjoin the defendants from cutting the timber on all of the above-named lots and also lot 178. The defendants, in their answer, disclaim any rights as to lot 178. The petitioners base their case upon the contention that the lease contract is invalid, because the description is too vague and uncertain, it appearing that at the time the contract was executed there were other lots and fractional lots bearing the same numbers in more than one land district in Decatur County. The petition alleges that the lots and fractional lots above named, on which defendants have entered and are proceeding to cut timber, are now included in the 14th district of the newly created County of Seminole, formerly Decatur County. The answer states the same fact, and contains the further statement that these are the lots and fractional lots referred to in the lease contract. The defendants insist that the description is "insufficient or ambiguous," but not wholly void; that the uncertainty can be made certain by evidence; that the original grantor did not own any other lots and fractional lots by the same numbers in any district other than the 14th district of formerly Decatur, now Seminole, County; and that the lots on which defendants are proceeding to cut timber are the lots actually owned by the original vendor, the timber rights on which were leased to the

---

Evidence, 22 C. J. p. 1261, n. 11; p. 1264, n. 24; p. 1267, n. 59; p. 1272, n. 79.

Landlord and Tenant, 35 C. J. p. 1149, n. 3, 5.

predecessor in title of the present defendants. It is admitted that the controlling question is on the sufficiency of the description. *Held:*

1. The judgment overruling the demurrers to the petition as amended was not erroneous.

2. Where one leases land designated by land lot numbers in a named county, without naming the land district or districts, and there are lots in the county bearing such numbers in more than one district, one only of each of the numbered lots is owned by the vendor, and the lots bearing duplicate numbers are not so owned, evidence is admissible to explain the ambiguity, and to show that the vendor leased the lots actually owned by him. *King* v. *Sears,* 91 *Ga.* 577 (18 S. E. 830) ; *Tolbert* v. *Short,* 150 *Ga.* 413 (3) (104 S. E. 245) ; *Blackwell* v. *Partridge,* 156 *Ga.* 119, 129 (118 S. E. 739) ; *Petretes* v. *Atlanta Loan &c. Co.,* 161 *Ga.* 468, at page 472 (131 S. E. 510) ; and compare also *Singleton* v. *Close,* 130 *Ga.* 716, at page 722 (61 S. E. 722) ; *Pearson* v. *Horne,* 139 *Ga.* 453, 455 (77 S. E. 387) ; *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960) ; *McIntosh* v. *Roane,* 148 *Ga.* 273 (96 S. E. 387) ; *Hatton* v. *Johnson,* 157 *Ga.* 313 (9), 325 (121 S. E. 404) ; *Crider* v. *Woodward,* 162 *Ga.* 743 (135 S. E. 95).

3. The timber contract in question was not void because of uncertainty of description. Evidence was admissible to explain the ambiguity; and under the pleadings and the evidence the trial judge was required to find that the defendants were entitled, under the contract, to cut the timber on the land referred to in the pleadings, with the exception of lot 178 to which the defendants on the hearing disclaimed any title.

4. It follows that the court erred in rejecting evidence offered for the purpose indicated above, and in granting the temporary injunction.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*

No. 5427.　FEBRUARY 25, 1927.

Injunction. Before Judge Yeomans. Seminole superior court. April 26, 1926.

*R. Dan McLeod* and *A. B. Conger,* for plaintiffs in error.

*P. D. Rich,* contra.