McCLELLAN *et al. v.* LIPSEY.

No. 6815. September 30, 1929.

*H. L. Causey* and *E. H. Williams,* for plaintiffs in error.

*I. J. Bussell,* contra.

BECK, P. J. J. R. Lipsey filed his petition against A. R. Mc-Clellan, praying for injunction against the defendant and a decree that title to certain lands be adjudicated to be in petitioner. Mrs. Polly McClellan, wife of A. R. McClellan, was made a party defendant, that her claim of title to two lots of land, 25 acres and 48 acres, respectively, embraced in the land originally sued for, and which she claimed that she had bought at tax sales, might be adjudicated. Upon the trial of the case, after evidence was introduced the court directed a verdict in favor of the plaintiff for all the land in dispute, except the 25-acre tract. To this judgment the defendants excepted.

█ It appears from the record that the plaintiff had formerly owned the land in dispute, consisting of 148 acres. On April 1, 1921, he sold and conveyed to Archie [A. R.] McClellan, the land for which this suit was brought, and McClellan paid to him a part of the consideration. On July 9, 1926, McClellan executed a deed conveying the same land to Lipsey; and on the same date Lipsey and A. R. McClellan entered into a contract in writing, wherein it was stipulated, that, inasmuch as McClellan was then cultivating the farm on the tract of land in question, it was agreed by both parties that he was to have the undisturbed possession of the land during the balance of the year; and that Lipsey was to deliver to McClellan a certain promissory note of the Alma Mercantile Company, which Lipsey was then holding, for the sum of $3,000, with a credit thereon of $1800, when McClellan should have paid off to the Alma State Bank a mortgage which was outstanding and unpaid at the time of the execution of the contract referred to. McClellan did pay off this mortgage, and was ready to deliver the same to Lipsey; but he alleged in his answer that Lipsey refused and failed to deliver the note of the Alma Mercantile Company, which note became worthless afterwards because of the failure of that company; and that Lipsey had procured the execution of the deed from McClellan to himself by fraud. No fraud on the part of Lipsey in the procurement of the deed from McClellan to himself was shown, unless his failure to deliver the note of the Alma

Mercantile Company amounted to fraud. The court held that it did not; and we are of the opinion that the court properly so held. The promise to deliver the note was an undertaking on the part of Lipsey for performance at a future date. His delivery of the note was a part of the consideration for the deed from McClellan, and his agreement to deliver it was an enforceable contract. But the breach of a contract to be performed in the future does not amount to a fraud. If it had been alleged in the answer of McClellan that Lipsey intended, at the time of making the promise to deliver the note, not to deliver it and intended by making the promise to deceive McClellan, this might have amounted to an allegation of fraud. The deed executed by McClellan to Lipsey conveyed title, and the mere breach by Lipsey of a contract to deliver a certain note was not such a fraud as rendered the deed void, and the court below properly so held. Consequently the court did not err in directing a verdict against A. R. McClellan.

■ Mrs. Polly McClellan, who was made a party to this action by amendment, claimed two tracts of land, one of 25 acres and one of 48 acres, which were part of the 148 acres originally conveyed by Lipsey to A. R. McClellan and subsequently reconveyed by McClellan to Lipsey. She claimed title by virtue of a deed from the county, which had itself purchased at tax sale. Her claim to the 25-acre tract was sustained by the finding of the jury, and no question is raised as to that finding. But the court excluded a deed from the county to Mrs. McClellan, which was tendered in evidence, on the ground of the insufficiency of the description of the tract of land in the deed and in the sheriff's levy under which the land was sold. That description is as follows: "forty-eight acres in northwest corner of lot of land 275 in the 5th land district of said county, bounded as follows: on north by a fence and lands of Peter Williams and Mrs. Addie Johnson, and south and east by lands of Archie [A. R.] McClellan." It is not insisted that this tract of 48 acres was in the northwest corner of land lot 275 in the 5th land district. All the evidence shows that it was not. But this false description would not render the deed void as a conveyance if the remaining portions of the description were sufficient to locate and identify the land levied upon and conveyed. Eliminating that part of the description which refers to the land as being located in the northwest corner of the lot of land in question, there remains in the

description the following: "bounded as follows: on north by a fence and lands of Peter Williams and Mrs. Addie Johnson, and south and east by lands of Archie [A. R.] McClellan." Inasmuch as this tract of 48 acres was carved out of the original tract of 148 acres which was owned by Archie McClellan at the time of the levy of the tax fi. fa., the expression "south and east by lands of Archie Mc-Clellan" necessarily refers to other contiguous lands of Archie McClellan; and since the distance for which the 48 acres is bounded on the north by lands of Peter Williams and Mrs. Addie Johnson is not stated, there is no means of ascertaining where the eastern and southern boundary of the land would be. *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513). Moreover, no western boundary of the 48-acre tract is stated in the levy or in the deed. Consequently the court did not err in excluding the deed purporting to convey the 48 acres to Mrs. Polly McClellan and the sheriff's levy entered on the tax fi. fa. And that being true, the verdict against Mrs. McClellan as to the 48-acre tract affords her no valid ground of exception.

The foregoing rulings are controlling in this case.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines J., who dissent.*

ATKINSON, J., concurs in the judgment of affirmance, because it appears from the record that the western boundary of the 48-acre tract of land was not given either in the levy or in the description of the tract as contained in the deed.