HOLLOWAY *v.* KEY, administrator.

No. 12711. JULY 11, 1939.

*Warren & Warren,* for plaintiff in error. *M. F. Adams,* contra.

ATKINSON, Presiding Justice. W. H. Key, as administrator of the estate of Jessie R. Ramsey, brought complaint for land against L. L. Holloway as tenant in possession, claiming title under two tax deeds executed in pursuance of sheriff's sales as property of the intestate. It was alleged that the deeds were void, because based on excessive levies, and insufficient description of the land. On the pleadings, without introduction of evidence on the questions of excessiveness of the levy or as to identity of land, the judge overruled the defendant's motion to dismiss the case, and directed a verdict for the plaintiff for recovery of the land, subject to certain charges paid off by the defendant. The decision was based on the ground that as matter of law the deeds were void on account of indefiniteness in description of the land. Error was assigned on the rulings just stated, the exceptions asserting that the judgment complained of was contrary to law.

■ The sales were of different tracts in different years. The first was in 1931, for state and county taxes, and the property was thus described: "All that said tract or parcel of land situate, lying, and being in Gladesville District, Jasper County, Georgia, containing two hundred and fifty (250) acres of land, and being two hundred and fifty acres of land of what is known as part of the Greer place which lies next to and adjoins the public road leading to John Holloway's from Smith's Mills and Ocmulgee Church, and bounded north by public road leading from Smith's Mills to John Holloway's, south by lands of estate of John Holloway, and on the other two sides by balance of Greer place owned by Jessie R. Ramsey." The second was in 1932 for state and county taxes, and the property was described as "four hundred and sixteen acres (416) of land, more or less, in Gladesville Dist., G. M., Jas. Co., Ga., and known as part of the Greer place adjoining lands of Goodman estate, Jno. Holloway est., B. A. Wright and others, and on east by the 250 acres of Greer place previously sold for taxes; the intent of this deed is to convey all the Greer place, except the 250 acres previously sold for taxes."

(a) The first deed should be construed as purporting to convey exactly two hundred and fifty acres, known as *part of* "the Greer place," which part lies next to and adjoins the public road to John Holloway's from Smith's Mill and Ocmulgee Church, bounded on one side (north) by said road, bounded on another side (south) by

lands of estate of John Holloway, and bounded on the other two sides (east and west) by "balance of Greer place owned by Jessie R. Ramsey," (whose property was being sold). It means nothing for a grantor conveying a part of his land to give as a boundary thereof other portions of the whole tract without in some way identifying the dividing line between such portion and the part intended to be conveyed. In this instance the east and west boundaries stated in the descriptive clause failed to define or furnish data to identify the dividing lines, both on the east and west, between the lands of Jessie R. Ramsey not intended to be sold and the two hundred and fifty acres intended to be sold; and consequently, although the exact number of acres intended to be conveyed and the north and south boundaries were stated, the whole description of the particular two hundred and fifty acres was insufficient, and therefore the instrument was ineffective as a conveyance of land.

(*b*) The case differs on its facts from *Shackelford* v. *Orris,* 129 *Ga.* 791 (59 S. E. 772), and similar cases, where the instrument in question purported to convey an exact number of acres, and furnished data from which the boundaries on three sides could be identified in such a manner as, in view of the exact number of acres stated, the boundary on the fourth side representing the dividing line could be inferred. It also differs from *Crider* v. *Woodward,* 162 *Ga.* 743 (135 S. E. 95), and other decisions holding that the instruments in question furnished data from which identity of the property intended to be conveyed could be established by extrinsic evidence.

(*c*) The second deed should be construed as purporting to convey, not an exact number of acres, but 416 acres, "more or less," known as a part of the Greer place, which part adjoins "lands of Goodman estate, Jno. Holloway est., B. A. Wright, and others, and on east by the 250 acres of Greer place previously sold for taxes; the intent of this deed is to convey all the Greer place, except the 250 acres previously sold for taxes." As the paper does not purport to convey an exact number of acres, but a designated number of acres "more or less," and does not purport to designate the eastern boundary, except by reference to the indefinite previous sale of two hundred and fifty acres of the Greer place, it comes within the principle of *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513),

426

*Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958), *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655), and *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294), and consequently was too indefinite to effect conveyance of land.

■ Whether the plaintiff, being out of possession, could maintain an equitable action for cancellation is not material to consider in this case. The deeds in question, being ineffective to convey land, do not stand in the way of the plaintiff's recovery at law of possession of the land. Accordingly the judge did not err in overruling the defendant's motion to dismiss the action.

*Judgment affirmed. All the Justices concur.*