## GENERAL CAS. CO. AND INS. CO. OF AMERICA v. MILLER.

No. 14350.

United States Court of Appeals
Fifth Circuit.

Aug. 6, 1953.

Chas. L. Gowen, Brunswick, Ga. (Gowen, Conyers, Fendig & Dickey, Brunswick, Ga., of counsel), for appellant.

J. H. Highsmith, Baxley, Ga., E. Way Highsmith, Brunswick, Ga., Highsmith & Highsmith, Baxley, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant, as plaintiff below, instituted this action to retroactively cancel a public liability insurance policy issued by it to appellee. The policy, having a term of one year from February 9, 1951, covered a truck used by appellee in connection with his dress manufacturing business at Baxley, Georgia. The complaint alleged the issuance of the policy and, for reasons hereinafter stated, prayed that it be decreed to be void and of no effect on October 14, 1951. The trial court granted appellee's motion to dismiss the complaint for failure to state a cause of action upon which relief could be granted, and this appeal followed.

The insurance contract contained a provision under which appellant reserved the right to cancel it at any time during its term upon the giving of not less than five days written notice. It is not alleged that such notice was ever given. By an endorsement contained in the policy, appellee warranted that during the policy period the truck would not be used to make any regular or frequent trips to any location beyond a fifty mile radius of the place where it was usually garaged.

The complaint, filed December 4, 1951, alleged that in June, 1951, appellant learned that appellee contemplated operating the truck between Baxley, Georgia, and New York City at frequent intervals. Thereupon it notified appellee that it would not afford insurance coverage for such long trips and, if he used the truck to make such trips, the policy would be cancelled.

In order to prevent immediate. cancellation of the policy, appellee promised to promptly notify appellant if he used the truck for long hauls. Relying upon this promise, appellant did not cancel the policy.

In August, 1951, appellee, without any notification to appellant, began operating the truck between the two points above stated and in the nine weeks preceding October 13, 1951, it had been used to make six round trips between these points and had reached Dillon, South Carolina, on the return portion of the seventh such trip when it was involved in a collision with an automobile driven by John McKenzie in which the latter's wife and child were passengers. As a result of the collision, McKenzie and the members of· his family have instituted three suits against appellee in the State of South Carolina, which appellee, proceeding under the terms of the insurance policy, has called upon appellant to defend.

The complaint further alleged that appellee's failure to notify appellant of the change·of use of the truck constituted fraud and rendered the insurance contract void and of no effect. It is manifest that appellant's claim for cancellation of the insurance policy is predicated solely upon the contention that the subsequent oral promise made by appellee was fraudulently breached. It is upon this theory that appellant seeks to invoke the equity jurisdiction of the court to have the policy cancelled and thereby relieve itself of its obligations under the contract.

■ The equitable remedy of cancellation of an insurance contract may be invoked by an insurer and relief will be granted by a court of equity in a proper case where it is shown that the policy was procured by fraud. This remedy would be equally available where it is shown that an insured fraudulently induced the insurer to refrain from exercising its right to cancel a policy, assuming it had a right to cancel, and thereby effected a continuance in force of a policy which otherwise would have been cancelled. These principles are not applicable to the facts of this case, since no grounds for equitable relief are alleged.

■ The alleged verbal promise, or agreement, if at all binding upon appellee, obligated him to do something in the future which he was not obligated to do under the terms of the insurance contract. If we assume *arguendo* that this promise was not in conflict with, and did not modify or vary the terms of, the insurance contract, which could not be done except by endorsement issued to form a part of the policy, it merely constituted a parol agreement collateral to, and not a part of, the original contract, the breach of which in no way affected the coverage afforded by the policy of insurance. The subsequent failure of a promisor to perform an act which he had agreed to do in the future will not amount to fraud in the eyes of the law. Although such promise may have been the propelling inducement to the execution of a contract, it cannot be made the basis of a suit to cancel the contract. In order for such a promise to constitute fraud, it is necessary that it be made with a present intention not to perform.[1] The fraud, to justify a decree of cancellation, must be in the inception, and not in the fulfillment, of the agreement. There is no allegation that appellee fraudulently induced appellant to continue the policy in force or that he did not intend to carry out his promise at the time he made it. The mere fact that he subsequently failed to advise the appellant of the fact that the truck would be used to make long hauls, although such failure is designated as fraudulent, does not constitute a basis for cancellation of the insurance contract.

Appellant relies solely upon Wallace v. Virginia Surety Co., 80 Ga..App. 50, 55 S.E.2d 259. That case involved the construction of an endorsement to an insurance policy which provided that coverage was not granted for any loss occurring while

1. McClellan v. Lipsey, 169 Ga. 184, 150 S. E. 91; Brinson v. Hester, 185 Ga. 761, 196 S.E. 412; Brooks v. Pitts, 24 Ga. App. 386, 100 S.E. 776; 23 Am.Jur., Fraud and Deceit, § 106, p. 885, 888.

the insured vehicle was being operated outside of a radius of 500 miles of the place where it was usually garaged. No issue of fraud or claim for the equitable relief of cancellation was involved. Furthermore, it is not necessary for us to consider, or to construe, the limitation of use endorsement contained in the policy. Appellant has not alleged, and does not rely upon, a breach of this provision as grounds for relief.

We think the judgment of the court below, although induced by reasons other than those stated above, was correct and it is affirmed.

Judgment affirmed.