A95A1004. HENNESSEY et al. v. FROEHLICH et al.
(464 SE2d 246)

McMURRAY, Presiding Judge.

Plaintiffs William J. Hennessey, Philip A. Hennessey, Therese H. Dristas, Helen H. Frati, Mary H. Hardy, and Elizabeth M. Hennessey, and defendant Frances H. Froehlich, are the children of Mary D. Hennessey, who is deceased. Defendant offered the purported will of the parties' mother in the Fulton County Probate Court. Under the propounded will, all of the assets of the deceased mother will pass to defendant. Plaintiffs filed a caveat to the probate on the grounds of undue influence, duress, and lack of testamentary capacity.

The probate court ordered the parties to participate in mediation during the course of which several offers and counteroffers were exchanged. After face to face negotiations produced no agreement, the parties agreed to leave their last offers open for a period of time. This action was brought to enforce an alleged agreement which plaintiffs maintain was reached when their attorney conveyed, by telephone to defendant's attorney, the plaintiffs' acceptance of the terms of defendant's last offer. On opposing motions for summary judgment, the superior court granted defendant's motion and denied the motion of the plaintiffs. *Held*:

We have often repeated the principle that in order to create a binding contract there must be a meeting of the minds between the parties. "No contract exists until all essential terms have been agreed to. OCGA § 13-3-2." *Bridges v. Bridges*, 256 Ga. 348, 349-350 (349 SE2d 172). In the case sub judice, the superior court has concluded, as a matter of law, that there was no contract between the parties, but we do not agree.

Sometime prior to her death, the parties' mother held the proceeds from the sale of the family home, some $75,000 or more, in a joint account with two of her children, defendant and plaintiff Dristas. Neither Dristas nor any of the other plaintiffs had knowledge that these funds had been transferred to another account which the decedent held jointly with only defendant. Upon her mother's death, defendant assumed control of these funds as the surviving joint holder of the account. These funds are also a subject of dispute between the parties and plaintiffs maintain that their mother intended them to receive shares of this asset. The superior court order states that "[p]laintiffs have acknowledged that the disposition of claims relating to a certain $75,000 certificate of deposit ('the CD') was a mate-

rial element of any settlement of the probate action, and it is further undisputed that the parties reached *no* agreement as to whether claims relating to the CD would be released or not." But we fail to find support in the record for either part of this statement.

In regard to the superior court's assertion that plaintiffs had acknowledged that disposition of claims relating to the CD was a material element of any settlement of the probate action, we note that while defendant's brief contains this assertion with reference to the deposition of plaintiff William J. Hennessey, we do not find support for the assertion in the referenced testimony. Specifically, William J. Hennessey testified that appropriate resolution of the claim concerning the CD was a material issue to him, but he also stated that he believed that issue to be outside the scope of the probate proceeding. This statement is also contradicted by evidence that the subjective perception of both sides was that the CD was not part of the estate or at issue in the probate action. Furthermore, if ownership of the CD or claims in regard to the CD was an issue in the probate action, the objective terms of the alleged settlement agreement established by the evidence would clearly provide for the allocation of that asset.

" 'In determining if parties had the mutual assent or meeting of the minds necessary to reach agreement, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent. . . . In some instances, the only conduct of the parties manifesting intent is the express language of the (purported) agreement. In other instances, the circumstances surrounding the making of the (alleged) contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement, and courts are free to consider such extrinsic evidence.' " (Citations omitted.) *Amwest Surety Ins. Co. v. RA-LIN & Assoc.*, 216 Ga. App. 526, 530 (1) (455 SE2d 106).

In the case sub judice, the terms of the alleged agreement were recorded in the notes of the parties' attorneys taken down during the course of the mediation proceeding. There was evidence that these terms included a provision that anything in the estate not specifically allocated would go to defendant. Since this provision may be viewed as expressing an objective intent which conflicts with the statement that no agreement was reached in regard to claims concerning the CD we must reject the superior court's conclusion that such was a matter of undisputed fact.

The superior court further found that "the undisputed evidence also establishes that the parties never came to an agreement on the disposition of certain items in the estate which, although they did not

carry a high monetary value, were of sentimental significance to the parties." This is an apparent reference to that provision of the agreement established by the evidence which reserved for later determination the issue of division of photographs and mementos among the parties. The record as a whole shows that the allocation of family keepsakes was of relatively minor importance to the parties. Those of particular significance to defendant had been allocated to her. We see no reason that the reservation of division of the remainder should void an otherwise valid agreement since it is generally acceptable for a contract to leave minor details for subsequent agreement. *McMurray v. Bateman*, 221 Ga. 240, 253 (144 SE2d 345); *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438, 440 (2) (292 SE2d 84).

We must also reject the alternative reasons stated by the superior court in support of its judgment, that the alleged agreement was unenforceable because of failure to comply with OCGA §§ 53-3-22 and 15-19-5. Contrary to the superior court's conclusion, OCGA § 53-3-22 does not render the alleged oral agreement unenforceable because the factual circumstances in the case sub judice bring it within the holding in *Beckworth v. Beckworth*, 255 Ga. 241 (336 SE2d 782), that is, there being no minors or incompetents among the heirs, they were able to enter a binding agreement as to a division of the estate different than that provided in the will without any requirement for approval of the court under this statute.

Nor is OCGA § 15-19-5 applicable to the case sub judice. Any agreement was negotiated by the parties rather than their attorneys. *Thompson v. Pulte Home Corp.*, 209 Ga. App. 558, 560 (1) (434 SE2d 89).

On appeal, defendant has argued primarily the issues decided in her favor in the superior court order granting her motion for summary judgment. While we reject the conclusions reached by the superior court, there remain a number of issues to be resolved in order to ascertain whether, under a de novo review of the evidence, the superior court erred in granting summary judgment in favor of defendant.

We should first note that most of the terms of the alleged agreement, particularly as to the allocation of the economically significant assets of the estate are uncontroverted. The record also shows one issue on which there was no agreement, the allocation of responsibility between the two sides for any future potential liability of the estate. But since there is evidence that both sides knew there were no such liabilities, we cannot say, as a matter of law, that this issue involves an essential term of the agreement. If this term is not necessary for performance of the agreement, it is not an essential term of the agreement. There is also contradictory evidence as to other terms of the agreement.

Some of the contradictions as to terms of the agreement arise

from inconsistencies in the testimony of plaintiffs' former attorney Kresky. Attempts have been made to explain a number of these inconsistencies, such as where prior statements are attributed to faulty memory or testifying without reference to notes. Since Kresky is not a party to the action giving testimony on her behalf, her testimony is not construed against her former clients on consideration of the opposing motions for summary judgment, but the contradictions do present issues of fact for a jury. *English v. Crenshaw Supply Co.*, 193 Ga. App. 354, 359 (2) (387 SE2d 628).

In summary, we conclude that there are genuine issues of material fact concerning whether the parties entered into a binding settlement agreement which resolves the issues pending in the probate case. While the evidence is inconsistent on a number of issues, there is some evidence which, if accepted by a trier of fact, does provide the essential terms of an agreement between the parties. At the same time there is conflicting evidence as to what are the provisions of any such settlement agreement on a few specific issues, whether certain terms were essential to the performance of any settlement agreement, and whether there was a timely acceptance of defendant's offer to settle. There is some evidence from which a trier of fact might determine that there had been a meeting of the minds on all essential terms of an agreement to settle the probate case, albeit the evidence does not require such a conclusion. The superior court was correct in denying plaintiffs' motion for summary judgment but erred in granting defendant's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Andrews and Blackburn, JJ., concur.*

DECIDED NOVEMBER 17, 1995.

*Haas, Bridges, Kane & Coburn, Stephen R. Kane, Frederick A. Johnson,* for appellants.
*Long, Aldridge & Norman, Bruce P. Brown,* for appellees.