S10A0982. SAINT et al. v. WILLIAMS.
(699 SE2d 312)

THOMPSON, Justice.

Evelyn Lever died testate in 1986. At the time of her death, she owned approximately two acres of real estate in Columbia County. Pursuant to her will and an attached, incorporated plat, the testatrix devised the property to her sons, John and Theodore Lever, and a granddaughter, Evelyn Saint. John was to receive parcel "A" which was approximately 60' x 100'. The granddaughter was to be given parcel "B" which was approximately 60' x 60'. Theodore was to receive the remaining acreage as parcel "C," and he was given a first right of refusal to purchase the other parcels if they were to be sold.

Theodore was named executor of the estate. Instead of deeding the property under the terms set forth in the will, Theodore deeded the property to himself, John and the granddaughter in three undivided interests. The deed was duly recorded in 1987.

Nineteen years later, in 2006, appellant/plaintiff George Saint, administrator of the estate of the granddaughter, brought suit against the estates of John and Theodore, appellants/defendants, alleging the parties were tenants in common and seeking equitable partition. Appellant/plaintiff sought the appointment of a receiver and the sale of the property. Appellee William J. Williams, an attorney, represented appellant/plaintiff at that time. Appellants/defendants answered the complaint and denied, inter alia, that the parties owned the property as tenants in common. Appellants/defendants were represented by Carl Dowling. Following a hearing and the submission of evidence, the trial court appointed a receiver and authorized him to take charge of the property, sell it, and hold the proceeds in trust until "accounting issues" were resolved.

The property was appraised for $150,000. The receiver entered into a contract to sell the property for $155,000 and the trial court entered an order approving the sale. Thereafter, appellants obtained new counsel and moved for reconsideration. Their attorneys, appellee and Dowling, withdrew, but filed liens against the property.

In an affidavit in support of the motion for reconsideration, appellant/plaintiff averred that he never authorized appellee to sell the property, that the parties want the property to remain in the family, and that they want to mediate their "property concerns." The trial court denied the motion for reconsideration.

In the meantime, the sale of the property fell through, and the receiver entered into another contract to sell the property to Fred Bracewell for $160,000. On December 28, 2009, the trial court entered an order approving the sale to Bracewell. The trial court added that, upon closing, the receiver should pay the liens of appellee ($11,186.50) and Dowling ($2,266.48), disburse funds to pay expenses approved by the court, and distribute the remainder to the parties "in accordance with their respective interests as such may be determined by the court." The representatives of the estates of John, Theodore and the granddaughter jointly filed this appeal.

1. It is axiomatic that to effect the partitioning of real property, the parties must hold the land in coparcenary, joint tenancy or tenancy in common. OCGA § 44-6-160; see *Southall v. Carter*, 229 Ga. 240, 242 (190 SE2d 517) (1972); *Smith v. King*, 50 Ga. 192 (3) (1873). Relying upon this axiom, appellants claim that the trial court was without subject matter jurisdiction to entertain this partition proceeding, and that, therefore, it erred in approving the sale to Bracewell, because they do not hold an undivided interest in the property. In this regard, appellants assert that, although Theodore's deed purported to create a tenancy in common, it could not have done so because it did not conform to the will of the testatrix. See *Metropolitan Life Ins. Co. v. Hall*, 191 Ga. 294, 306 (12 SE2d 53) (1940). We disagree. The grantees of the deed, which included the grantor as the executor of the will, were all beneficiaries under the will. They accepted the deed as tenants in common, and the conveyance should be viewed and upheld as such. See *Beckworth v. Beckworth*, 255 Ga. 241 (336 SE2d 782) (1985) (an agreement between all parties in interest that contradicts the terms of a will is enforceable); *Hennessey v. Froehlich*, 219 Ga. App. 98, 100 (464 SE2d 246) (1995) (legally competent heirs can enter binding agreement as to division of estate different from that set forth in will).

2. In a supplemental brief, appellants assign error on the grant of Williams' and the receiver's motion for supersedeas bond (in the amount of $160,000). We will not address this assignment because it was not raised and argued in appellants' original brief. It is improper to use a supplemental brief to expand upon the issues to be decided by this Court. *Trenor v. State*, 252 Ga. 264, 267 (8) (313 SE2d 482) (1984); *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980); *Dimmick v. Pullen*, 120 Ga. App. 743, 745 (172 SE2d 196) (1969).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 12, 2010 —
RECONSIDERATION DENIED SEPTEMBER 20, 2010.

*Robert A. Mullins*, for appellants.
*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams, J. Carleton Vaughn, Jr.*, for appellee.